THOS. S. IRELAND, ET AL. *v.* S. B. PUGH.

**Abandonment of Homestead.**

 An unconditional written surrender signed by the appellee and the mortgagee of the house and grounds to be sold to satisfy appellants' executions, and a removal from the premises without any reason, inconsistent with the presumption of an intention to abandon the homestead by removal and the protracted residence elsewhere, all go to show abandonment of such claims and will outweigh any secret intention to return which he may have had.

APPEAL FROM THE LEWIS CIRCUIT COURT.

April 17, 1883.

OPINION BY JUDGE HARGIS:

In the former opinion, which is withdrawn, we were mistaken in the recitation of some of the facts, but they are not of such a character as to alter the conclusion to which we were then impelled. *Ireland v. Pugh,* 10 Ky. Opin. 231. The only question on this appeal is whether the appellee abandoned his homestead and surrendered it for sale to pay appellants' demands against him.

The opinion of this court on the first appeal settles the law applicable to this case. It was then said, "The question is not whether he then intended to return, but rather whether the evidence shows an abandonment of his claim to homestead," and the court decided that the evidence showed an abandonment. As that question has, therefore, been decided we are inclined to think it res adjudicata, and that had the mandate fully corresponded with the opinion a judgment should have been entered for the appellants.

It was the court's duty to decide the case without the intervention of a jury unless issues had been presented which would authorize the chancellor to send them to a jury for their aid. The chancellor did not regard the issues such, as he decided the case himself by peremptory instruction. Motions of this character are regulated by Title 70, Civ. Code, ch. 5, and Gen. Stat., ch. 38, art. 12, § 9.

Whether the question of abandonment is res adjudicata or not the unconditional written surrender signed by the appellants and the mortgagee, of the house and grounds, to be sold to satisfy the appellants' executions; the contemporaneous removal without the assign-

ment of any reason therefor inconsistent with the presumption of an intention to abandon the homestead by removal, and the protracted residence of appellee elsewhere; his failure to claim homestead till the institution of these proceedings and the conflicting evidence as to his intention to return, outweigh any secret intention to return, although continuous, which he doubtless had but of which he did not notify the appellants, who had the right under these circumstances to believe he meant to abandon the homestead for sale and the payment of their claims. This seems to be a hard case, but the appellant could have protected his rights by modification of the written surrender or by notifying the appellees of the character of the abandonment or purpose of the removal; and he can blame no one but himself because he has by his own acts, which are not claimed to be the result of fraud or mistake, placed it out of the power of the court to relieve him.

Wherefore the judgment is *reversed* and cause remanded with directions to render judgment for the appellants.

*Dulin & Mitchell, for appellants.*

*Samuel J. Pugh, for appellee.*